```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/24/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JASON YOUNG,

                Plaintiff,

-against-

N.Y.C./D.O.C./V.C.B.C. WARDEN CARTER;
N.Y.C./D.O.C./V.C.B.C. CAPTAIN GUERRA; 3-
AA HOUSING UNIT CAPTAIN;
N.Y.C./D.O.C./V.C.B.C. CAPTAIN JOHN DOE
INTAKE SUPERVISING CAPTAIN;
N.Y.C./D.O.C./V.C.B.C. CAPTAIN HORTON,,

                Defendants.

1:21-cv-08973 (MKV)

**ORDER DENYING APPLICATION FOR PRO BONO COUNSEL**

---

MARY KAY VYSKOCIL, United States District Judge:

    Plaintiff Jason Young has filed an Application for the Court to Request Counsel. [ECF No. 15]. Plaintiff makes the request on behalf of "all twenty seven detainees" to represent a class action. For the following reasons, Plaintiff's application is denied.

## BACKGROUND

    On October 19, 2021, *pro se* Plaintiff Michael Lee filed a putative class action on behalf of himself and twenty-seven detainees. *Michael Lee v. Warden Carter, Captain Guerra, Captain John Doe, and Captain Horton*, 21-cv-8629 (PLE). The complaint alleged that the detainees were "hungry [and] thirsty for an extremely long time, caus[ing] every plaintiff" to feel fatigued and "robbed of proper nutrition." The action, alleging violations of 18 U.S.C. § 1983, styled itself as a class action complaint. By order of the Chief Judge, the action was severed into separate civil actions because "each Plaintiff has his own unique circumstances" and because "each Plaintiff may appear only on his own behalf." [ECF No. 1 at 2-3]. Plaintiff Jason Young was then assigned a new civil case number, and the matter was assigned to this Court.

1

## **LEGAL STANDARD**

When a plaintiff proceeds *in forma pauperis*, the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, unlike in criminal cases, civil cases do not require that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, courts have "broad discretion" when deciding whether to grant an indigent litigant's request for representation. *Id.* Even if a court does believe that a litigant should have a lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-310 (1989). Courts do not have the funds to pay counsel in civil matters, and for that reason courts must grant civil applications for counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

*Hodge* puts forth factors a court must consider in deciding whether to grant the request for civil *pro bono* counsel. *Hodge*, 802 F.2d at 61-62. The applicant must demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. *See Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994). The court must then consider whether the litigant's claim "seems likely to be of substance," a requirement that "must be taken seriously." *Id.* at 60-61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). Each application must be decided on its own facts. *Hodge*, 802 F.2d at 61.

## DISCUSSION

As a threshold matter, the Court notes that the other "detainees" referenced in Plaintiff's application are not plaintiffs in this case and are not before the Court. Mr. Young can only represent himself *pro se*; he cannot advocate on behalf of others. [ECF No. 1 at 2-3]. The Court considers Plaintiff's application only as it applies to him.

The Court denies Plaintiff's application to obtain *pro bono* counsel. Plaintiff Jason Young previously requested to proceed *in forma pauperis* ("IFP"), which was granted by the Court. [ECF Nos. 2, 5]. Plaintiff therefore is demonstrably indigent. The application form directed Plaintiff to "[e]xplain what steps you have taken to find an attorney." The only information Plaintiff provides is that he is "currently incarcerated." [ECF No. 15]. Given the absence of any information regarding Plaintiff's efforts to obtain counsel, the Court, in its discretion, denies Plaintiff's application without prejudice for this reason. *Ahmad v. White Plains City School Dist.*, 2020 U.S. Dist. LEXIS 123393, 2020 WL 3972274, at *3 (S.D.N.Y. July 14, 2020) (denying pro bono counsel application where plaintiff did not explain whether he has sought to obtain counsel before asking the Court to appoint counsel); *Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A plaintiff requesting appointment of counsel must show that [ ]he is unable to obtain counsel before appointment will even be considered." (quotation marks omitted)); *Williams v. Nicholson*, 2013 U.S. Dist. LEXIS 58822, 2013 WL 1800215, at *2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a civil action, an applicant fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered."). Further, at this stage of the proceedings, the Court cannot determine

whether Plaintiff's position seems likely to be of substance or whether there are particularly complex issues requiring the Court request counsel.  *Chrichlow v. Annucci*, 2020 WL 8620022, at *2-3 (S.D.N.Y. Sept. 22, 2020) (denying application where case was still in "its early stages" and defendants had "not yet filed their answers and discovery ha[d] not yet begun.").

## CONCLUSION

For the foregoing reasons, the Court DENIES WITHOUT PREJUDICE Plaintiff's Application for the Court to Request Counsel.  The Clerk of the Court respectfully is requested to terminate the application at ECF No. 15, and mail a copy of this order to the *pro se* Plaintiff at the address of record.

**SO ORDERED.**

**Date:  February 24, 2022**
**New York, NY**

                                         **MARY KAY VYSKOCIL**
                                         **United States District Judge**