

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/3/2022

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**PHILIP S. FRANK**
phone: 212-356-0886
fax: 212-356-1148
email: pfrank@law.nyc.gov
(not for service)

June 1, 2022

**BY ECF**
Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Jason Young v. Warden Carter, et al.*, 21-cv-8973 (MKV)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of the Corporation Counsel of the City of New York, attorney for Defendants Carter, Guerra, and Horton in the above-referenced matter. Plaintiff alleges a violation of his constitutional rights due to the conditions of his confinement at the Vernon C. Bain Center.

      I write to respectfully request an extension of time, *nunc pro tunc*, until June 8, 2022, for Defendants to serve and file their motion to dismiss the Complaint. I apologize to the Court for the lateness of this request. Due to my oversight, I did not calendar the deadline for filing the motion. Because Plaintiff is incarcerated and proceeding *pro se*, the instant application is made directly to the Court. This is Defendants' first request for an extension.

      By way of background, by letter dated March 1, 2022 (Dkt. No. 17), Defendants sought leave to move to dismiss the Complaint on two grounds. First, Plaintiff has failed to exhaust administrative remedies as required pursuant to the Prison Litigation Reform Act. And second, Plaintiff fails to state a cognizable claim because the temporary conditions of which he complains – namely, that he was allegedly deprived of toilet paper, soap, and toothbrushes for two to three days, and food and water for seven to eight hours – do not constitute an objectively serious deprivation as is necessary to support his conditions-of-confinement claim under the Constitution.

By Order dated March 28, 2022 (Dkt. No. 21), the Court granted Defendants leave to move to dismiss on or before April 28, 2022. Thereafter, on April 15, 2022, the former Assistant Corporation Counsel assigned to the matter moved to withdraw as attorney as he resigned from this office on or about that date. Regrettably, as the result of being overburdened with professional obligations in other matters, I inadvertently did not calendar the deadline for the motion. I apologize to the Court for this oversight. By Order dated May 26, 2022, in light of Defendants not having moved or otherwise responded to the Complaint, the Court directed Plaintiff to move for default judgment on or before June 27, 2022.

The reason for the requested enlargement is to enable me to draft, serve, and file the motion to dismiss. Defendants acknowledge the lateness of this request. Given the Second Circuit's "preference that litigation disputes be resolved on the merits, not by default," *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995), however, Defendants respectfully request permission to move to dismiss. *See also New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (noting the "strong preference" for deciding cases on the merits).

Accordingly, Defendants respectfully request an extension of time, until June 8, 2022, for Defendants to serve and file their motion to dismiss the Complaint.

I thank the Court for its consideration of this request.

Respectfully submitted,

/s/

Philip S. Frank
Assistant Corporation Counsel

cc: **BY FIRST CLASS MAIL**
Jason Young
Plaintiff *Pro Se*
NYSID: 01218084N
B&C: 2412001869
Vernon C. Bain Center
1 Halleck Street
Bronx, New York 10474

GRANTED. Defendants are directed to serve and file their motion to dismiss on June 8, 2022. Plaintiff's opposition to the motion shall be due on or before August 8, 2022. Because the Court has extended Defendants' time to respond *nunc pro tunc*, Plaintiff should not at this time seek a default judgment. Defendants' reply to any opposition shall be due on or before August 22, 2022. **The parties are warned that failure to comply with the briefing schedule set out herein may result in the Court deeming the motion unopposed. Failure to comply with the Court's Orders may result in sanctions including dismissal**. A copy of this endorsement will be mailed to the Plaintiff at the address of record. **SO ORDERED.**

Date: 6/3/2022
New York, New York

Mary Kay Vyskocil
United States District Judge