```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/9/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASON YOUNG,

                Plaintiff,

-against-

WARDEN CARTER, et al.,

                Defendants.

1:21-cv-8973 (MKV)

OPINION AND ORDER
GRANTING MOTION TO DISMISS

MARY KAY VYSKOCIL, United States District Judge:

      Plaintiff Jason Young alleges in this *pro se* action that several correction officers violated his federal constitutional rights while he was incarcerated by the New York City Department of Correction ("NYCDOC") on Rikers Island. Specifically, Plaintiff alleges that he was deprived of toilet paper, soap, and a toothbrush for between two and three days and that, after complaining, he was pepper sprayed and deprived of food and water for seven to eight hours. The defendants now move to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiff failed to exhaust his administrative remedies and that, in any event, Plaintiff fails to plead facts plausibly giving rise to a constitutional violation. For the reasons that follow, the motion to dismiss is granted.

## FACTUL BACKGROUND[1]

      Young and several other pre-trial detainees were incarcerated in the same housing unit on Rikers Island. AC at 4. As of October 5, 2021, Young and other detainees had been left without toilet paper, soap, or toothbrushes for two or three days.[2] AC at 4. After complaining about the

---

[1] The facts set forth in this section are based on the Court's liberal interpretation of Plaintiff's Amended Complaint [ECF No. 14] ("AC"). The Court assumes any well-pleaded factual allegations in Plaintiff's Amended Complaint to be true for purposes of this motion. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007).

[2] Since Plaintiff's Amended Complaint does not contain paragraph numbers, the Court's citations refer to page numbers in the Amended Complaint.

lack of toiletries, Young and the other detainees were pepper sprayed and denied access to food, water, and a working toilet for seven or eight hours. AC at 5, 8. Young alleges that he suffered physical and psychological harm as a result of this treatment. AC at 5.

## PROCEDURAL HISTORY

Young filed his complaint in this matter on October 12, 2021,[3] as part of a *pro se* group of 25 plaintiffs, [ECF No. 3] ("Compl."), alleging that the defendants, who are four officials at Rikers Island,[4] violated his Eighth and Fourteenth Amendment rights. Upon filing, Chief Judge Swain severed Young's claims and those of the other plaintiffs into individual cases, and each case was given its own docket number and randomly assigned to an individual judge. [ECF No. 1]. Young thereafter filed an Amended Complaint, which was substantially the same as the original complaint, though it added the allegation regarding the use of pepper spray. [ECF No. 14] ("AC").

Defendants have moved to dismiss the Amended Complaint. [ECF Nos. 31-32]. In support of the motion, Defendants argued that Young's claim is barred because of his failure to exhaust administrative remedies and that, in any event, Young failed to plausibly plead constitutional injury. After waiting several months without any opposition,[5] the Court directed

---

[3] Young signed his initial complaint on October 6, 2021, and it was delivered to prison officials for mailing on October 12, 2021. Compl. at 7. "Under the prison mailbox rule, a submission from an incarcerated pro se litigant is generally deemed to have been filed when it is given to prison officials." *Smith v. City of New York*, No. 12-cv-8131, 2014 WL 2575778, at *1 (S.D.N.Y. June 9, 2014).

[4] Defendants are: NYC/DOC/VCBC Warden Carter; NYC/DOC/VCBC Housing Unit 3-AA Captain Guerra; NYC/DOC/VCBC Facility Storehouse Captain Horton; and "Captain John Doe." Compl. at 1. On December 6, 2021, the Court directed the New York City Law Department to ascertain and provide to Young the identity and badge number of "Captain John Doe" and directed Young to file "an amended complaint naming the newly identified individual as a defendant" within 30 days of receiving that information. ECF No. 7. On February 3, 2021, Defendants filed a letter identifying by name and badge number the three captains who supervised VCBC's intake procedures on October 5, 2021. [ECF No. 10]. Young amended his complaint but did name any of the three captains identified.

[5] Before Defendants filed their motion to dismiss, Young filed two short letters seemingly in response to the pre-motion letter filed by Defendants, in which Young briefly stated his opposition to the Defendants' contemplated

2

Young to file his opposition or file a letter indicating that no opposition would be filed. [ECF No. 36]. In response, Young filed a three-sentence letter which, in effect, stated only that Young opposed the motion to dismiss. [ECF No. 37].

## LEGAL STANDARDS

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

Courts must "afford a pro se litigant special solicitude by interpreting a complaint filed pro se to raise the strongest claims that it suggests." *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (internal quotation marks omitted). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

The Prison Litigation Reform Act ("PLRA") requires that inmates exhaust available prison grievance procedures before initiating a lawsuit regarding prison conditions. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 204 (1997). The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion under the PLRA is mandatory, even when the

---

motion. [ECF Nos. 22, 26]. While the Court considers Young's letters in addressing the pending motion, neither letter provides any information or arguments that are particularly pertinent to the outcome.

prisoner seeks relief such as money damages, that is not available through administrative proceedings.  *See id.* at 524.

"Failure to exhaust administrative remedies is an affirmative defense under the PLRA, not a pleading requirement."  *Williams v. Corr. Officer Priatno*, 829 F.3d 118, 122 (2d Cir. 2016).  As a result, "inmates are not required to specially plead or demonstrate exhaustion in their complaints."  *Jones*, 549 U.S. at 216.  However, a district court "may dismiss a complaint for failure to exhaust administrative remedies if it is clear on the face of the complaint that the plaintiff did not satisfy the PLRA exhaustion requirement."  *Williams*, 829 F.3d at 122.

Here, it is apparent from the face of the complaint that Young did not exhaust the available administrative remedies before initiating this action.  Grievance procedures at Rikers Island are governed by the Inmate Grievance and Request Program ("IGRP").  *See Hickman v. City of New York*, No. 20-cv-4699, 2021 WL 3604786, at *3 (S.D.N.Y. Aug. 12, 2021).  The IGRP requires numerous steps, assuming the inmate disagrees with the resolution at each stage.  These steps include: (1) submission of a complaint to the Office of Constituent and Grievance Services; (2) an appeal to the facility's Commanding officer; (3) an appeal to the facility's Division Chief; and (4) an appeal to the Central Office Review Committee.  *See* N.Y. City Dep't of Correction, Directive 3376R-A (effective Dec. 10, 2018) at §§ V-IX, https://www1.nyc.gov/assets/doc/downloads/directives/Directive_3376R-A.pdf (last visited March 8, 2023).[6]

Each of these steps can take between five and seven days, such that the entire "grievance process may take several weeks to complete."  *Bush v. City of New York*, No. 19-cv-5319, 2021 WL 1198321, at *2 (S.D.N.Y. Marc. 30, 2021).  Nevertheless, "to satisfy the exhaustion

---

[6] Because the IGRP is a matter of public record, "[i]t is common practice in this District to take judicial notice of the version of the IGRP in effect at the time of the events giving rise to a prisoner's claim."  *Sanders v. City of New York*, No. 16-cv-7426, 2018 WL 3117508, at *4 n.1 (S.D.N.Y. June 25, 2018).

requirement, an inmate must use all available administrative mechanisms, including appeals, through the highest level for each claim." *Ford v. Aramak*, No. 18-cv-2696, 2020 WL 377882, at *4 (S.D.N.Y. Jan. 23, 2020).

Young alleges that the incident giving rise to the complaint occurred on October 5, 2021, and he initiated this action only seven days later, on October 12, 2021.  This is too small a window for it to be possible that Young complied with the IGRP and exhausted his administrative remedies before suing.  As Judge Koeltl explained in one of the severed cases, "[g]iven the number of administrative steps in the IGRP and the amount of time allocated for each step, it is virtually impossible that the plaintiff could have completed these steps and received a final decision, thereby exhausting the IGRP procedures, before initiating this action." *Kingsberry v. Carter*, No. 21-cv-9076, 2022 WL 10142889, at *2 (S.D.N.Y. Oct. 17, 2022). This reasoning, which the Court finds persuasive, is in accord with every decision to date that has addressed the issue of non-exhaustion in the actions severed from this case.[7]

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones*, 549 U.S. at 211.  Because it is clear from the face of the plaintiff's complaint that Young has failed to exhaust his available administrative remedies, the motion to dismiss is granted.  The Court need not reach Defendants' alternative argument on the merits.

## CONCLUSION

For the foregoing reasons, the plaintiff's amended complaint is dismissed without prejudice.  The Clerk of Court respectfully is requested to close this case and all pending

---

[7] *See, e.g., Corchado v. Carter*, No. 21-cv-8984, 2022 WL 4096165 (S.D.N.Y. Sept. 7, 2022); *Thompson v. Carter*, No. 21-cv-8982, 2022 WL 2533112 (S.D.N.Y. July 7, 2022); *McCray v. Carter*, No. 21-cv-9051, 2022 WL 6854524 (S.D.N.Y. Oct. 12, 2022), *R&R adopted*, No. 21-cv-9051, 2022 WL 16541173 (S.D.N.Y. Oct. 27, 2022); *Lee v. Carter*, No. 21-cv-8629, 2022 WL 3441654, at *7 (S.D.N.Y. July 28, 2022).

motions. The Clerk of the Court also is requested to mail a copy of this Order to the *pro se* plaintiff at the address of record and to note service on the docket of the Court.

**SO ORDERED.**

**Date:  March 9, 2023**
**         New York, NY**

                                      **MARY KAY VYSKOCIL**
                                      **United States District Judge**